UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:13-cv-00038-F

GE-HITACHI NUCLEAR ENERGY
AMERICAS, LLC,

    Plaintiff,

vs.

LeRAY T. DANDY,

    Defendant.

**TEMPORARY RESTRAINING ORDER**

THIS MATTER is before the Court on the Consent Motion of the parties to resolve the request of Plaintiff GE-Hitachi Nuclear Energy Americas, LLC ("Plaintiff" or "GE Hitachi") for a Temporary Restraining Order ("Order") pursuant to the provisions of Rule 65(b) of the Federal Rules of Civil Procedure. The Court has been apprised, through the Consent Motion, that the parties have agreed to the terms of this Order for the preservation of the status quo pending a hearing on Plaintiff's motion for preliminary injunction or except as further ordered by the Court. The Court has also been made aware, through the Consent Motion, that Defendant LeRay T. Dandy ("Dandy") denies any wrongdoing and further denies that Plaintiff has sustained or will sustain any unlawful harm whatsoever and consents to this Order solely to memorialize and make legally binding his assurances previously given to Plaintiff regarding the preservation of GE-Hitachi's proprietary documents and information and other evidence during the pendency of the litigation.

IT IS THEREFORE ORDERED that Defendant Dandy, his agents, servants, employees and attorneys, and all other persons who are in active concert or participation with them, shall be and are hereby immediately enjoined from directly or indirectly disseminating, disclosing,

sharing, transferring, or using any of the confidential, proprietary or business sensitive information, documents or data of GE-Hitachi to which Dandy had access while at GE-Hitachi or which Dandy saved, uploaded, downloaded, copied or otherwise obtained from GE-Hitachi, including, but not limited to, all GE-Hitachi information, documents or data stored on Dandy's personal laptop computer. The prohibitions contained in this Order shall not in any way apply to disclosures or conversations between Dandy or his attorneys and the United States Government. This prohibition shall apply without regard to the form of such information, documents, or data (hard copy, electronic, etc.) or the medium on which it was transferred or stored; and

IT IS FURTHER ORDERED that Defendant Dandy and all other persons who are in active concert or participation with him, with the exception of his attorneys and his attorneys' agents, shall refrain from possessing any confidential, proprietary and business sensitive information, documents or data of GE-Hitachi to which Dandy had access while at GE-Hitachi or which Dandy saved, uploaded, downloaded, copied or otherwise obtained from GE-Hitachi, including, but not limited to all GE-Hitachi information, documents or data stored on Dandy's personal laptop computer. This prohibition shall apply without regard to the form of such information, documents, or data (hard copy, electronic, etc.) or the medium on which it was transferred or stored.

IT IS FURTHER ORDERED that Defendant Dandy's personal laptop computer and any forensic images made of those contents shall remain in the exclusive custody and control of National Digital Forensics and National Digital Forensics will not further access or alter Dandy's personal laptop computer until further order of the Court. In addition, Dandy, his agents, servants, employees and attorneys and all other persons other than National Digital Forensics who are in active concert or participation with them shall refrain from possessing, accessing, or

altering Dandy's personal laptop computer or the contents thereof, and any forensic images made of those contents, until further order of the Court.

IT IS FURTHER ORDERED that GE-Hitachi's representatives be allowed to confirm directly with National Digital Forensics regarding the current status of Dandy's personal laptop computer and any forensic images of its contents, subject to the right of Dandy's counsel to participate in any such communication. GE-Hitachi's communication with National Digital Forensics shall be limited to the current status of the personal laptop computer and any forensic images of its contents. In the alternative, National Digital Forensics shall provide a sworn affidavit to the Court regarding the current status of the personal laptop computer and any forensic images of its contents.

As a condition to this Order, Plaintiff shall file with the Court a security bond in the sum of $200.00 for payment of such costs and damages which may be incurred or suffered by Defendant in the event Defendant is finally found to have been wrongfully enjoined or restrained.

This Order shall remain in place until the earlier of the following: (1) any further order of the Court or (2) the hearing on Plaintiff's motion for preliminary injunction. This Order is entered without prejudice to the parties' rights to conduct discovery in accordance with the Federal Rules of Civil Procedure.

Any violation of this Order shall constitute a contempt of court.

SO ORDERED.

This the 15th day of March, 2013.

*James C. Fox*
JAMES C. FOX
Senior United States District Court Judge