UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:13-cv-00038-F

GE-HITACHI NUCLEAR ENERGY
AMERICAS, LLC,

    Plaintiff,

vs.

LeRAY T. DANDY,

    Defendant.

ORDER OF PERMANENT
INJUNCTION

THIS MATTER is before the Court on the Consent Motion of the parties to resolve the request of Plaintiff GE-Hitachi Nuclear Energy Americas, LLC ("Plaintiff" or "GE-Hitachi") for an Order of Permanent Injunction ("Order") pursuant to the provisions of Rule 65 of the Federal Rules of Civil Procedure. The Court has been apprised, through the Consent Motion, that the parties have agreed to the terms of this Order as part of an overall settlement of this litigation. With the consent of the Plaintiff and the Defendant, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1.     GE-Hitachi filed this action in New Hanover County Superior Court on February 20, 2013, against former employee LeRay T. Dandy ("Dandy"). GE-Hitachi's Complaint sets forth causes of action for breach of contract and injunctive relief, misappropriation of trade secrets, conversion, and unfair and deceptive trade practices.

2.     On March 1, 2013, Dandy filed Notice of the Removal of this action in the United States District Court for the Eastern District of North Carolina.

417372.1

3. Dandy was employed by GE-Hitachi from August 11, 2008, as a Senior Engineer until he resigned on January 4, 2013.

4. At the time that Dandy began his employment at GE-Hitachi, he signed an Employee Innovation and Proprietary Information Agreement (the "Employee Agreement") that controls the manner in which GE-Hitachi information may be copied and disseminated during and after employment. In consideration of Dandy's employment by GE-Hitachi and the compensation paid to him by GE-Hitachi, Dandy agreed to, inter alia, the following terms of employment:

> (e) at the Company's request, or upon any termination (or other ending) of my employment to deliver to the Company promptly all items that belong to the Company or its parent, subsidiaries or affiliates or that by their nature are for the use of Company employees only, including, without limitation, all written and other materials that are of a secret* or confidential* nature relating to the business of the Company or its affiliates;
>
> (h) I acknowledge that breach of any obligation or other provision of this agreement may cause irreparable injury to the Company which cannot be fully compensated by money. I therefore agree that in the event of any breach or threatened breach of this agreement by me, the Company shall be entitled to injunctive or other equitable relief as may be permitted by law.

5. As a Senior Engineer, Dandy completed tasks related to the structural evaluations of GE-Hitachi's steam dryer, a piece of hardware included in a boiling water reactor. In order to participate in that analysis, Mr. Dandy had access to confidential, proprietary, and trade secret information.

6. On January 4, 2013, Dandy resigned his employment from GE-Hitachi. Following his resignation, Dandy began employment with Westinghouse. Westinghouse is GE-Hitachi's primary competitor for boiling water reactor steam dryer-related work.

7. Previously, on January 10, 2012, Dandy had filed a complaint under seal in

2

417372.1

United States District Court for the Eastern District of North Carolina alleging violations by GE-Hitachi of the False Claims Act ("FCA") in case number 7:12-CV-9-BO. The United States intervened in the action and the Parties, the United States, GE-Hitachi and Dandy, settled the action. GE-Hitachi did not admit liability for any of the acts alleged in the complaint.

8. During his employment at GE-Hitachi, Dandy copied and removed GEH proprietary documents from the company's servers. Through his attorneys and agents, he remains in possession of them. Specifically, Dandy personally possessed GE-Hitachi documents on his personal laptop computer and two data storage devices ("thumb drives"). Those devices and data were delivered to National Digital Forensics ("NDF") by Dandy's attorneys in February 2013 and have been in NDF's possession since that time.

9. On or about March 21, 2014, the parties entered into a Confidential Release and Settlement Agreement ("the Settlement Agreement") to fully resolve this lawsuit. Pursuant to the terms of the Settlement Agreement, Dandy has consented to the entry of injunctive relief terms consistent with the terms set forth in this Order of Permanent Injunction.

10. Dandy denies that his conduct constitutes a cause of action for breach of contract, misappropriation of trade secrets, conversion or unfair and deceptive trade practices. Nevertheless, Dandy and GE-Hitachi desire to resolve this lawsuit without further proceedings and agree to the entry of this Order of Permanent Injunction.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over the parties and the subject matter. and the court will retain jurisdiction over this matter for the purpose of ensuring compliance with this permanent injunction.

3

417372.1

2. Entry of this Permanent Injunction is just and proper.

3. The Findings of Fact support the entry of injunctive relief against Dandy as set forth below and injunctive relief is authorized pursuant to the Employee Agreement.

IT IS THEREFORE ORDERED that Defendant Dandy, his agents, servants, employees and attorneys, and all other persons who are in active concert or participation with them, shall be and are hereby permanently enjoined from directly or indirectly disseminating, discussing, disclosing, sharing, transferring, or using: (1) any of the confidential, proprietary or business sensitive information, documents or data of GE-Hitachi to which Dandy had access while at GE-Hitachi or which Dandy saved, uploaded, downloaded, copied or otherwise obtained from GE-Hitachi, including, but not limited to, all GE-Hitachi information, documents or data stored on Dandy's personal laptop computer or other device; and (2) any and all information concerning GE-Hitachi's steam dryer engineering analysis process. The prohibitions contained in this Order shall not in any way apply to disclosures or conversations between Dandy or his attorneys and the United States Government. Furthermore, the prohibitions contained in this Order shall not apply to Dandy acknowledging, in response to a request from a third party, the existence of the Complaint referenced in Paragraph 7 above. This prohibition shall apply without regard to the form of such information, documents, or data (hard copy, electronic, etc.), the medium on which it was or is transferred or stored, the degree of specificity or level of detail of the information disclosed or conveyed, or the intended recipient of the information; and

IT IS FURTHER ORDERED that Defendant Dandy, his agents, servants, employees and attorneys and all other persons who are in active concert or participation with him, shall refrain from possessing any confidential, proprietary and business sensitive information, documents or data of GE-Hitachi to which Dandy had access while at GE-Hitachi or which Dandy saved,

4

417372.1

uploaded, downloaded, copied or otherwise obtained from GE-Hitachi, including, but not limited to all GE-Hitachi information, documents or data stored on Dandy's personal laptop computer or other device and all information concerning GE-Hitachi's steam dryer engineering analysis process. This prohibition shall apply without regard to the form of such information, documents, or data (hard copy, electronic, etc.), the medium on which it was transferred or stored, or the degree of specificity or level of detail of the information, documents or data.

IT IS FURTHER ORDERED that Defendant Dandy's personal laptop computer and any storage devices or other media on which GE-Hitachi information, documents or data are stored and all forensic images made of those contents, including forensic images in the custody and control of National Digital Forensics, shall be provided to Lighthouse eDiscovery ("Lighthouse") within five (5) business days of the Effective Date of the Settlement Agreement for the purpose of Lighthouse taking possession of the images and purging all information, documents or data from such personal laptop computer and storage devices and returning, after confirmation from a third-party expert, the laptop and storage devices to Dandy.

Any violation of this Order shall constitute a contempt of court.

SO ORDERED.

This the 22 day of April, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Court Judge

5

417372.1